BENJAMIN B. WAGNER
United States Attorney
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2821
Facsimile:  (916) 554-2900
Email: edward.olsen@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHUGERT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | **CASE NO. 2:10-CV-01679 KJM EFB**<br><br>**AMENDED STIPULATION AND ORDER APPROVING COMPROMISE SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |

　　　　　IT IS HEREBY STIPULATED by and between Plaintiff Michael Shugert and the United States of America, by and through their respective attorneys, as follows:

　　　　1.　　The parties do hereby agree to settle and compromise the above-entitled action and dismiss the action with prejudice under the terms and conditions set forth herein.

　　　　2.　　The United States of America agrees to pay to Plaintiff Michael Shugert the sum of One Hundred and Fifty Thousand Dollars and no cents ($150,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from the subject matter that gave rise to the above-captioned lawsuit.

　　　　3.　　Plaintiff hereby releases and discharges the United States of America and all of its agencies, past and present officials, agents, employees, attorneys, insurers, their successors and assigns, including any physicians associated with the Department of Veterans Affairs who treated and/or

1  diagnosed the plaintiff concerning his medical condition that gave rise to the above-captioned case,
2  from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any
3  kind and nature whatsoever, whether suspected or unsuspected, foreseen or unforeseen, known or
4  unknown, at law or in equity, arising out of the allegations set forth in Plaintiff's Complaint.

5      4. This stipulation for compromise settlement is not, and is in no way intended to be, and
6  should not be construed as, an admission of liability or fault on the part of the United States of
7  America, the United States Department of Veterans Affairs, or their past or present officials, agents,
8  employees, attorney, insurers, or servants, including any physicians associated with the Department of
9  Veterans Affairs who treated and/or diagnosed the plaintiff concerning his medical condition that gave
10 rise to the above-captioned case, and it is specifically denied that they are liable to Plaintiff.  This
11 stipulation for compromise settlement is entered into by the parties for the purpose of compromising
12 disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of litigation.

13     5. This Agreement may be pled as a full and complete defense to any subsequent action or
14 other proceeding involving any person or party which arises out of the claims released and discharged
15 by the Agreement.

16     6. It is also agreed, by and among the parties, that the settlement amount of One Hundred
17 and Fifty Thousand Dollars and no cents ($150,000.00) to Michael Shugert represents the entire
18 amount of the compromise settlement and that the respective parties will each bear their own costs,
19 fees, and expenses and that any attorneys' fees owed by Plaintiff will be paid out of the settlement
20 amount and not in addition thereto.

21     7. It is also understood by and among the parties that, pursuant to Title 28, the United
22 States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not
23 exceed 25 percent of the amount of the compromise settlement.

24     8. Payment of the settlement amount will be made by a check drawn on the United States
25 Treasury Department for One Hundred and Fifty Thousand Dollars and no cents ($150,000.00) and
26 made payable to Conal Doyle and Michael Shugert.  The check will be mailed to the following address:
27     Conal Doyle
    WILLOUGBY DOYLE LLP
28     11755 Wilshire Blvd., Suite 1300
    Los Angeles, CA 90025

STIPULATION AND ORDER APPROVING
COMPROMISE SETTLEMENT AND DISMISSING CASE

9. Plaintiff and his attorney are responsible for payment of any taxes that may be due on the settlement proceeds and the United States of America makes no representation as to any tax consequences or liabilities Plaintiff and his attorney may incur as a result of this settlement. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold harmless Defendant from any liability it incurs from any government agency arising out of any failure by Plaintiff to pay for any liability he might incur from any government agency.

10. Plaintiff has been informed that payment may take ninety days or more to process, but Defendant agrees to make good faith efforts to expeditiously process said payment.

11. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

12. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff having been apprised of the statutory language of California Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

13. The parties agree that this Stipulation for Compromise Settlement and Dismissal, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and plaintiff expressly consents to such release

STIPULATION AND ORDER APPROVING
COMPROMISE SETTLEMENT AND DISMISSING CASE

1   and disclosure pursuant to 5 U.S.C. § 552a(b).

2   14. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

15. If any provision of this Agreement is determined to be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Dated: August 3, 2012
*/s/ Michael Shugert*
MICHAEL SHUGERT
Plaintiff

Dated: August 3, 2012
*/s/ Conal Doyle*
CONAL DOYLE
Willoughby Doyle LLP
Attorney for Plaintiff

Dated: August 13, 2012
BENJAMIN B. WAGNER
United States Attorney

*/s/ Edward A. Olsen*
EDWARD A. OLSEN
Assistant United States Attorney

**ORDER**

Pursuant to the terms of the parties' stipulation to a compromise settlement and pursuant to Fed. R. Civ. P. 41(a)(1), IT IS HEREBY ORDERED THAT the above-captioned case is dismissed with prejudice.

Dated: August 22, 2012.

_____
UNITED STATES DISTRICT JUDGE